IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MILLER,

      Plaintiff,                         No. CIV S-07-0765 GEB CKD PS

    vs.

CITY OF SACRAMENTO, et al.,

      Defendants.                    FINDINGS & RECOMMENDATIONS

_____/

        On June 23, 2011, defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and noticed the motion for hearing on July 28, 2011. Plaintiff did not timely file opposition. By order filed July 15, 2011, plaintiff was directed to file a written opposition to the motion for summary judgment, or a statement of non-opposition thereto, on or before August 25, 2011. Plaintiff was specifically cautioned that failure to file a written opposition would be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion for summary judgment. By order filed August 25, 2011, plaintiff was granted an extension of time to file opposition no later than September 28, 2011. Again on September 30, 2011, plaintiff was granted an extension of time until October 28, 2011 to file opposition. Plaintiff was cautioned that no further extensions of time would be granted.

/////

1

This action has now been pending for over four years.  Defendants' motion for summary judgment has been pending for over four months.  Despite numerous extensions of time to file opposition, plaintiff has not filed opposition to the motion.

"A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule."  Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)).  However, where a local rule "does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion."  Brydges, 18 F.3d at 652.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  In the instant case, plaintiff was warned of the consequences of failing to file an opposition to the summary judgment motion.

Accordingly, plaintiff's failure to file an opposition to defendants' motion should be deemed a waiver of opposition to the granting of the motion.  For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (dkt. no. 48) be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

/////

/////

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
miller-sacto.46